**Kuldip KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71427.

Agency No. A75–677–521.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.[*]

Decided June 25, 2004.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

184

Surjit Singh, Law Office Of Surgit Singh, APC, Anaheim, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Janice K. Redfern, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Kuldip Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's decision denying her requests for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Ernesto Navas v. INS*, 217 F.3d 646, 657 (9th Cir.2000), and we grant the petition for review and remand.

The BIA's conclusion that, despite testifying credibly, Kaur failed to establish a well-founded fear of persecution if she returns to India is not supported by substantial evidence, because Kaur provided direct, credible, and specific testimony and corroborating documentation in support of her claim. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). This evidence shows that Indian police arrested, beat, and threatened Kaur once when they were searching for her husband, an activist in the All India Student Sikh Federation, and again after Kaur attempted to initiate an official inquiry of her husband's post-arrest disappearance.

Accordingly, Kaur established a presumption of eligibility for asylum and withholding of removal by showing police persecuted her on account of an imputed political opinion. *See Ernesto Navas*, 217 F.3d at 659 n. 18 ("Where police beat and threaten the spouse of a known dissident, it is logical, in the absence of evidence pointing to another motive, to conclude that they did so because of the spouse's presumed guilt by association."); *Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995) ("If there is no evidence of a legitimate prosecutorial purpose for the government's harassment of a person, there arises a presumption that the motive for harassment is political.") (internal quotations and citations omitted). On remand, the BIA shall determine whether the government has rebutted the presumption that Kaur has a well-founded fear of future persecution. *See Ernesto Navas*, 217 F.3d at 657.

In light of our conclusion that Kaur's testimony is direct, credible, and specific, we vacate the BIA's determination that Kaur is ineligible for relief under the Convention Against Torture, and remand to the agency for additional investigation or explanation. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1020–21 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**